UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN MARINKOVIC,<br><br>                             Plaintiff,<br><br>      v.<br><br>LIBERTY MUTUAL HOLDING,<br><br>                             Defendant. | Case No. 23-cv-1084-BAS<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTIONS TO SEAL HIS IFP APPLICATION AND COMPLAINT;**<br><br>**(2) DENYING WITH LEAVE TO RENEW PLAINTIFF'S IFP APPLICATION;**<br><br>**(3) DIRECTING THE CLERK OF COURT TO FILE PUBLICLY THE IFP APPLICATION AND MOTIONS TO SEAL; and**<br><br>**(4) ORDERING PLAINTIFF TO FILE PUBLICLY REDACTED VERSION OF COMPLAINT** |

Plaintiff Melvin Marinkovic ("Plaintiff"), proceeding *pro se*, commenced this action on June 12, 2023. Plaintiff filed his Complaint under seal, in its entirety, on the ground it contains his confidential medical information. The same day he filed an application—again, under seal—seeking leave to proceed without prepaying fees or costs, also known as proceeding *in forma pauperis* ("IFP"). For the reasons discussed below, the Court **DENIES** Plaintiff's motions to seal, **DENIES WITH LEAVE TO AMEND** Plaintiff's IFP Application, and **ORDERS** Plaintiff to file a publicly redacted version of his Complaint.

## I.   IFP Application

### A.   Plaintiff Fails to Demonstrate Good Cause to Seal his IFP Application

Alongside Plaintiff's IFP Application (*see* IFP App.), he submits a motion to seal that application on the ground it contains information concerning his finances, which he wants to protect from public view (*see* Mot. to Seal IFP App). Although only several paragraphs of the Motion to Seal contain general information concerning Plaintiff's finances, it, too, was filed under seal.

Plaintiff argues that California decisional law recognizes that Article 1, Section 1 of the California Constitution protects against disclosure of the sort of financial information contained in Plaintiff's IFP Application, and that the *Erie* doctrine requires the Court to apply state law to his seal motion. (Mot. at 2–3.) In support of this legal premise, Plaintiff cites an inapposite state court decision: *Schnabel v. Superior Court*, 5 Cal. 4th 704, 712 (1993). The "limited form of protection for confidential information given to a bank by its customers" discussed in *Schnabel* does not apply to the self-disclosed information contained in the IFP Application Plaintiff filed with this Court.[1] *See id.* at 712. Thus, Plaintiff's proffered justification for sealing his IFP Application is without legal support.

Nevertheless, Plaintiff's financial information is not related to the merits of the case. *See Morrison v. Dietz*, No. C-09-05467, 2010 WL 395918, at *3   Therefore, all Plaintiff

---

[1] The Court does not now determine whether federal or state law on privileges applies to the sealing issue presented.

must demonstrate is that "good cause" exists to seal his IFP Application. *See Ctr. for Auto Safety Chrysler Grp., LLC* , 809 F.3d 1092, 1096–98, 1102 (9th Cir. 2016). Because Plaintiff does not provide reasons why his basic financial information—proffered for the purpose of obtaining public funding for his litigation expenses—should be shielded from public view, his motion to seal the IFP Application is **DENIED**.

The Clerk of Court is **DIRECTED** to file both Plaintiff's motion to seal his IFP Application and his IFP Application, itself, on the docket.

### B. Plaintiff Fails to Demonstrate He Qualifies for IFP Status

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted IFP status pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Under 28 U.S.C. § 1915, indigency is the benchmark for whether a plaintiff may proceed IFP. The determination of indigency falls within the district court's sound discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "[s]ection 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement on indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). A party need not be completely destitute to satisfy the IFP indigency threshold. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40. To qualify for IFP status, "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and the dependents with the necessities of life." *Adkins*, 335 U.S. at 339. However, "care must be employed to assure that federal funds are not squandered to

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See Skyler v. Saul*, No. 19-CV-1581-NLS, 2019 WL 4039650, at *3 (S.D. Cal. Aug. 27, 2019).

Plaintiff attests that he has not earned any income over the past year through employment, property ownership, interest and dividends, gifts, alimony, or child support, and that he does not expect to earn any income from those sources in the foreseeable future. (IFP App. at 1.) And while Plaintiff owns a home that he declares is worth $1.00 and a motor vehicle he values at $800.00, he incurs monthly expenses of approximately $1,060. (*Id.* at 3.) Without more, this information suggests Plaintiff operates at a net loss of over one-thousand dollars each month—a financial status that might otherwise qualify Plaintiff to proceed IFP. However, the Court cannot conclude that requiring Plaintiff to pay the $400 filing and administrative fee would inhibit Plaintiff's access to "the necessities of life" because Plaintiff's IFP Application is incomplete.

Plaintiff's financial information is set forth on a standardized Court document, entitled "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)." The completed copy provided by Plaintiff is missing its second page. That page requires Plaintiff to input information that would illuminate whether he has other streams of income—such as social security benefits, pensions, or public assistance—and/or liquid assets—namely money in bank accounts or other financial institutions.[3] Without a complete Application, the Court cannot be assured it has an accurate view of Plaintiff's financial condition to determine whether he qualifies for IFP. *Cf. Shteynberg v. Sammartino*, Case No. 22-cv-0959-BAS-JLB, 2022 WL 2918614, at *2 (S.D. Cal. July 25, 2022) ("Given Plaintiff's failure to specify his monthly cash income from self-

---

[3] *See* Application to Proceed in District Court Without Prepaying Fees and Costs (Long Form), *available at* https://www.casd.uscourts.gov/_assets/pdf/forms/AO239_Application%20to%20Proceed%20Without%20Prepayment.pdf.

employment, actual checking account balance, and anticipated changes in his finances, the Court lacks the requisite information needed to determine whether Plaintiff qualifies for IFP status." (citing *McQuade*, 647 F.2d at 940)). Indeed, Plaintiff indicates in his motion to seal that he receives a pension—a source of income that is not reflected in his affidavit. (*See* Mot. to Seal IFP App. at 3–4.)

Accordingly, the Court **DENIES** Plaintiff's IFP Application subject to Plaintiff either paying the filing fee or submitting adequate proof of his inability to do so **by no later than July 21, 2023**. Plaintiff is warned that his failure to do one or the other will result in dismissal of the instant action.

## II.  Motion to Seal the Complaint

Until Plaintiff either pays the civil and administrative filing fee as required by 28 U.S.C. § 1914(a), or demonstrates he qualifies for IFP status warrants dismissal without prejudice of the Complaint, the Court will not perform a pre-answer screen for frivolous, malicious, and/or deficient claims and immune defendants. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (holding pre-answer screening of IFP complaints under 28 U.S.C. § 1915(e)(2)(B) applies to *all* IFP plaintiffs, not just prisoners).

However, Plaintiff's motion to seal his operative Complaint is still pending. (*See* Mot. to Seal Compl.) Plaintiff moves to seal his Complaint in its entirety "because it is filled with private, sensitive, embarrassing medical information that California law mandates as confidential."[4] (*Id.* at 1.)

As an initial matter, the Court notes Plaintiff's motion to seal his Complaint was also filed under seal. It should not have been. There is no private medical information in that document—it contains only legal argument. Accordingly, the Clerk is **DIRECTED** to file on the docket Plaintiff's motion to seal his Complaint.

Moving to Plaintiff's substantive request, the Court finds his proposal to seal the entire Complaint is far too sweeping given the scant amount of purportedly protected

---

[4] Again, the Court does not now determine whether federal or state law applies to the sealing issue presented.

medical information contained in the allegations. "Requests to seal must be narrowly tailored." *Fate Therapeutics, Inc. v. Shoreline Bioscis., Inc.*, Case No. 22-cv-0676-H-MSB, 2023 WL 2520923, at * 1 (S.D. Cal. Feb. 22, 2023) (quoting *Whitewater W. Indus., Ltd. v. Pac. Surf Designs*, *Inc.*, No. 317CV01118BENBLM, 2018 WL 3055938, at *3 (S.D. Cal. June 14, 2018)); *see also Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) ("We have explained that, at least in the context of civil proceedings, the decision to seal the entire record of the case . . . must be necessitated by a compelling governmental interest and [be] narrowly tailored to that interest."), *cited affirmatively by Oliner v. Kontrabecki*, 745 F.3d 1024, 1026 (9th Cir. 2013). In the Complaint's 129 separately enumerated paragraphs, which span across 36 pages, the Court detects only several that arguably touch upon Plaintiff's specific medical information, which Plaintiff purports to be privileged. (*See* Compl. ¶¶ 2, 22–23, 51, 53.)

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion to seal his Complaint, and **ORDERS** Plaintiff to file a public version of the Complaint with redactions over those allegations he purports are privileged medical information, accompanied by a publicly filed renewed motion to seal, **by no later than July 21, 2023**.

//
//
//
//
//
//
//
//
//
//
//
//

## III. CONCLUSION

In sum, the Court:

1. **DENIES** Plaintiff's motion to seal his IFP Application.

2. **DENIES WITHOUT PREJUDICE** Plaintiff's IFP Application.

3. **DENIES** Plaintiff's motion to seal his Complaint.

4. **DIRECTS** the Clerk to file on the docket of the instant case (a) Plaintiff's motion to seal his IFP Application, (b) the IFP Application itself, and (c) Plaintiff's motion to seal his Complaint.

5. **ORDERS** that, **by no later than July 21, 2023**, Plaintiff must (a) pay the filing and administrative fee or submit adequate proof of his inability to do so and (b) file a public redacted version of his Complaint accompanied by a renewed motion to seal.

IT IS SO ORDERED.

DATED: JUNE 27, 2023

Hon. Cynthia Bashant
United States District Judge